IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Akiel McKnight, | ) | |
| | ) | C/A No. 8:18-3277-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pickens Police Department, | ) | |
| City of Pickens, Travis Riggs, | ) | |
| and Dennis Harmon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 13, 2018, Plaintiff Akiel McKnight ("McKnight") filed this action in the

Pickens County Court of Common Pleas asserting claims against Defendants the Pickens Police

Department ("the Police Department"), the City of Pickens ("the City"), Travis Riggs, and Dennis

Harmon alleging claims for racial and sexual discrimination and retaliatory discharge in violation

of the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-80, et. seq., and Title VII of the

Civil Rights Act of 1964, and violations of her constitutional rights under 42 U.S.C. § 1983. (ECF

No. 1-1). McKnight served interrogatories, requests for production, and requests to admit along

with Complaint on November 26, 2018. (ECF No. 22-1).[1] On December 4, 2018, Defendants

timely removed the action to this court. (ECF No. 1). On June 17, 2019, McKnight filed a motion

for summary judgment contending that no genuine issue of material fact remained because the

requests for admission were deemed admitted when Defendants failed to respond. (ECF No. 18).

Defendants filed a response opposing the motion and a letter setting out supplemental authority on

June 17, 2019. (ECF Nos. 19, 20). McKnight filed a reply on June 24, 2019. (ECF No. 22).

Before the court is the Magistrate Judge's Report and Recommendation ("Report") recommending

that the court deny McKnight's motion for summary judgment. (ECF No. 23). Both McKnight

---

[1]Defendant Harmon was not served until January 8, 2019.

and Defendants timely filed objections. (ECF Nos. 24, 26).

As noted above, when McKnight served the Complaint on November 26, 2018, on Defendants the City, the Police Department, and Riggs, she also served requests to admit. (ECF No. 22-1). Pursuant to Rule 36 of the South Carolina Rules of Civil Procedure, responses to the requests to admit were due forty-five days after service. SCRCP 36. Therefore, when Defendants removed the action on December 6, 2018, the time to respond to these discovery requests had not run.

The first request to admit is "admit the Complaint is true in its entirety." (ECF No. 22-1 at 39). It is undisputed that Defendants never responded to these requests to admit. (ECF Nos. 18 at 1; 19 at 1). Therefore, in her motion for summary judgment, McKnight contends the requests are deemed admitted under SCRCP 36(a) and liability is thus established entitling her to summary judgment. In her Report, the magistrate judge disagrees and recommends that the court deny McKnight's motion for summary judgment.

In her objections, Plaintiff contends that, for the reasons stated in her motion and reply, the court should grant her summary judgment. (ECF No. 24 at 1). She argues that previously served requests for admissions remain in effect after removal. *Id.* Further, she contends that relieving a defendant who has removed an action to federal court from the obligation to respond to outstanding requests for admissions is unfair to the plaintiff. *Id.* In their objections, Defendants state that they filed objections only to preserve an alternative sustaining ground that they would be entitled to relief from any admissions because the requests to admit go to the merits and would preclude this court from reaching the merits of the matter. (ECF No. 26 at 1).

In an action removed from a state court "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

The Fourth Circuit Court of Appeals has not addressed whether a party must respond to

discovery that was served in a state court proceeding after the action is removed to federal court.

Several district courts in this circuit have addressed this issue, and McKnight relies upon *Mann v. Metro. Life Ins. Co.*, No. 99-0036, 1999 WL 33453411 (W.D. Va. July 9, 1999), in which the court determined that requests for admission properly served in a state court case remain in force when the case is removed to federal court. However, the "vast majority of courts" have held that "discovery requests are not injunctions, orders, or proceedings of a state court" under 28 U.S.C. § 1450, and, thus, "admission requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal." *Steen v. Garrett*, No. 2:12-cv-1662-DCN, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013). This interpretation comports with a plain reading of Federal Rule of Civil Procedure 26, which provides that parties may not seek discovery before they have participated in a Rule 26(f) conference. *Id.* at *3 (citing Fed. R. Civ. P. 26(d)(1)); *see also Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 WL 4783042, at *6 (S.D. Ohio June 14, 2010) (holding that discovery served in state court prior to removal to federal court is not permitted under the Federal Rules of Civil Procedure prior to the Rule 26(f) conference except in those limited circumstances involving cases exempt from the requirement of Rule 26(d) or when authorized by stipulation or court order); *O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08-cv-600-HSO-LRA, 2009 WL 2058867, at *2 (S.D. Miss. July 10, 2009) (holding that any discovery propounded in state court before a suit is removed is no longer answerable following removal); *Wilson v. Gen. Tavern Corp.*, No. 05-81128-civ-RYSKAMP, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006) (holding that "[d]iscovery served in state court becomes null and ineffective upon removal."); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) (rejecting argument that Rule 26(d) merely tolls the time to respond to requests for admission until after the Rule 26(f) discovery conference).[2]

_____

[2]Some districts address this in their local rules. *See, e.g.,* W.D. Okla. LCvR 81.2(c) ("In the absence of a contrary stipulation or court order, discovery pending in state court at the time of

Clearly, once a case is removed to federal court, the Federal Rules of Civil Procedure apply. Pursuant to Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Fed. R. Civ. P. 26(d)(1). McKnight's position would effectively rewrite Rule 26(d) and create an exception to the discovery bar for removed cases. Thus, the court agrees with the majority of the courts which have addressed this issue and finds that requests to admit, which were served while this action was pending in state court, need not be answered if the action is removed to federal court prior to the time responses are due. Such requests are "nullified upon removal to [f]ederal court." *Sterling Sav. Bank v. Fed. Ins. Co.*, No. 12-cv-0368, 2012 WL 3143909, at \*2 (E.D. Wash. Aug. 1, 2012). Therefore, Defendants' failure to respond does not mean that the requests to admit are deemed admitted, and McKnight is not entitled to summary judgment.[3]

Accordingly, based on the foregoing, the court **ADOPTS** the Report (ECF No. 23), and Plaintiff McKnight's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 23, 2019

---

removal is considered void.").

[3]The court notes that in *Mann*, the court held that "the removal of the instant case from state to federal court did not affect the validity and force of plaintiff's requests for admissions," but nevertheless denied the plaintiff's motion to have requests for admission deemed admitted. 1999 WL 33453411, at \*2. The court concluded that "this proposition of law is not well known" and "while defendant may have committed a technical violation, the court believes that defendant's conduct was not such as to knowingly and intentionally defeat the discovery process." *Id.* Even if the court were to follow *Mann* and find that the discovery requests remained in effect, the court would also follow the *Mann* court's conclusion that the requests to admit should not be deemed admitted because Defendants did not knowingly and intentionally act to defeat discovery.