IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Akiel McKnight, | ) | Case No.: 8:18-cv-03277-JD-JDA |
| Plaintiff, | ) | |
| vs. | ) | **OPINION & ORDER** |
| The Pickens Police Department, The City of Pickens, Travis Riggs, Dennis Harmon, | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Akiel McKnight ("Plaintiff" or "McKnight") filed this action alleging claims for wrongful and retaliatory discharge in violation of public policy, race and sex discrimination in violation of the South Carolina Human Affairs Law, race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), sexual orientation discrimination in violation of Title VII, and violation of constitutional rights under 42 U.S.C. § 1983. (DE 1-1.) On December 12, 2021, Defendants The Pickens Police Department, The City of Pickens, Travis Riggs, and Dennis Harmon (collectively "Defendants") filed a Motion for Summary Judgment. (DE 63).

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On December 14, 2021, Plaintiff filed a Motion for Summary Judgment. (DE 65.) The parties filed responses and replies thereto.

On February 11, 2022, the magistrate judge issued the Report, recommending that Plaintiff's motion be denied and Defendants' Motion for Summary Judgment be granted and that the case be dismissed. For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendants' Motion for Summary Judgment.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by McKnight, the Court provides this summary. In 2018, Plaintiff, an African-American bisexual male, was a patrol officer with the Defendant Pickens Police Department ("the Department"). (DE 1-1 ¶ 9; 9 ¶ 9; 10 ¶ 9; 72-3 at 19.) In April 2018, a parent complained that Plaintiff was sending sexual solicitations to underage males via Snapchat. (DE 63-3; 72-3 at 44.) Upon learning of the allegations, Chief Riggs met with Plaintiff on April 20, 2018. (DE 63-9 at 2–3; 72-3 at 44, 46.) Plaintiff admitted sending the message but maintained that he had done nothing wrong because the subject student was at least 16 years old, and thus had the legal capacity to consent to sex in South Carolina. (DE 63-9 at 3.)

Chief Riggs suspended him as of April 23, 2018, for two weeks without pay. (DE 63-12 at 8–10; 63-4 at 1; 63-6; 72-3 at 44–45.) Plaintiff subsequently sent an email to Dennis Harmon, who was the Interim City Administrator for Defendant the City of Pickens ("the City"), challenging the suspension and maintaining that because the Student was over 16 years old, Plaintiff had done nothing wrong in sending the sexual solicitation. (DE 63-4 at 1; 63-6.) On May 3, 2008, Chief Riggs and Harmon met with Plaintiff concerning his grievance. (DE 63-6 at

2.) Harmon reduced Plaintiff's discipline to a one-week suspension without pay. (DE 63-6 at 2; 72-1 at 13; 72-2 at 33.)

On May 7, 2018, Chief Riggs received a direct complaint from a parent asking that Plaintiff no longer be allowed around school children. (DE 63-5 at 1.) The next day, the Pickens County School District ("the District") itself also requested that Chief Riggs not allow Plaintiff back into any of its schools while the District considered the issue further. (DE 63-5 at 2.) Due to these new requests, Chief Riggs took Plaintiff off the School Resource Officer ("SRO") list, so he was no longer authorized to work in the schools and placed Plaintiff on suspension with pay while he decided how to respond. (DE 63-5 at 2 and DE 63-6.) In a letter dated May 30, 2018, Harmon informed Plaintiff that the City was "terminating [his] employment, effective immediately, for (1) exercising poor judgment as a police officer, and (2) breaching protocol and the City's policy and procedure for the citizen 'ride along' program."[1] (DE 63-6 at 2.) Plaintiff's law enforcement certification has also been suspended. [(DE 72-1 at 23.)

At some point in May 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (DE 1-1 ¶ 17; 9 ¶ 17; 10 ¶ 17.) Plaintiff alleges that on September 29, 2018, the EEOC issued a right-to-sue letter to him. (DE 1-1, ¶ 19.)

On February 11, 2022, the magistrate judge issued a Report and Recommendation, recommending that Plaintiff's Motion for Summary Judgment be denied and Defendants' Motion for Summary Judgment be granted and that the action be dismissed. Plaintiff filed objections to the Report and Recommendation alleging, *inter alia*, that the magistrate erred in three respects:

---

[1] The subject student first met Plaintiff when Plaintiff pulled him over for speeding. (DE 63-12 at 1.) The student was interested in law enforcement, and he ended up going on multiple "ride-alongs" with Plaintiff. (DE 63-12 at 1, 13.) In their memorandum supporting their summary judgment motion, Defendants state that Plaintiff had obtained only one authorization for the ride-alongs when "Policy requires a new [authorization form] for each ride-along." (DE 63-1 at 4.)

(1) the Report does not weigh all facts and inferences in favor of the Plaintiff; (2) the Report rests on the Magistrate's determination of fact questions, which is unconstitutional and invades the jury's province; and (3) the Report applies the wrong summary judgment standard to the state law claims. (DE 78.) Defendants filed a reply in opposition. (DE 80.) This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court addresses McKnight's specific objections *seriatim*. First, McKnight contends the Report does not weigh all facts and inferences in favor of the Plaintiff. (DE 78.) McKnight states he submitted voluminous pieces of evidence, including sworn affidavit and deposition testimony along with a verified complaint. However, McKnight fails to address his admission that he actually sent sexual solicitations to an underage student. Regardless of whether a claim is brought under Title VII or § 1983, a plaintiff may establish liability for

4

employment discrimination under two methods of proof: (1) "demonstrating through direct or circumstantial evidence that his race [and sexual orientation] was a motivating factor in the employer's adverse employment action"; or (2) relying on the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), burden shifting framework. Holland v. Washington Homes, Inc., 487 F.3d 208, 213–14 (4th Cir. 2007); see also Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004) ("[T]he McDonnell Douglas framework, developed for Title VII, has been used to evaluate . . . discrimination claims under [Section 1983 as well].")  Plaintiff argues that statements from Mayor Fletcher Perry, Police Commissioner Donnie McKinney, and others constitute direct or circumstantial evidence of sexual orientation discrimination that could at least create a genuine dispute of material fact as to whether he suffered such discrimination. (DE 65 at 2; 72 at 1–3; 74 at 5–6.)  The Court disagrees.  Although McKnight believes that comments made by Police Commissioner McKinney and Mayor Perry insinuated "no one is openly gay or openly bisexual in this community" (DE 63-10 at 14), that fact would not be sufficient to create a genuine factual dispute as to what *Chief Riggs or Harmon* believed.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151–52 (2000) (focusing analysis of an employment discrimination claim on the "actual decisionmaker" behind a termination).  Therefore, Plaintiff has not forecasted evidence that Chief Riggs or Harmon were aware that Perry or McKinney made these statements, or any evidence that Chief Riggs or Harmon agreed with them.  Therefore, the Court overrules this objection.

Next, McKnight contends the Report rests on the Magistrate's determination of fact questions, which is unconstitutional and invades the jury's province. (DE 78.)  Plaintiff claims he is entitled to a jury trial to determine the reason for his firing.  However, an employer could be entitled to judgment as a matter of law if the record conclusively revealed some other,

nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.  See Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 148 (2000).  Given Plaintiff's own admission as to the conduct that, at best, is incredibly poor judgment, the Court finds summary judgment as to Defendants' claims is justified.

Finally, McKnight objects on the basis that the Report applies the wrong summary judgment standard to the state law claims. (DE 78.)  This Court disagrees.  Applying the summary judgment standard to state law negligence claims, the Court of Appeals for the Fourth Circuit has held:

> Under the federal standard, applied alike at trial and on review, the evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 243 n. 14 (4th Cir.1982), and the credibility of all evidence favoring the non-moving party is assumed. Tights, Inc. v. Acme–McCrary Corp., 541 F.2d 1047, 1055 (4th Cir.1976). Assessed in this way, the evidence must then be "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party...." Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891 (4th Cir.1980). A "mere scintilla of evidence" is not sufficient to withstand the challenge, Gairola v. Virginia Dept. of Gen. Services, 753 F.2d 1281, 1285 (4th Cir.1985) (citation omitted).

Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988).  Therefore, the Court overrules McKnight's objection on this basis.

Notwithstanding these reasons for McKnight's objections, Defendants have proffered legitimate, nondiscriminatory reasons for McKnight's discharge—exercising poor judgment as a police officer, and breaching protocol and the City's policy and procedure for the citizen 'ride along' program.

Having reviewed the evidence in the record and the respective arguments raised by the parties, McKnight has not forecasted sufficient evidence of a pretextual termination. Accordingly, summary judgment is appropriate as to McKnights's federal and state law claims.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment is granted and that Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

                                              Joseph Dawson, III
                                              United States District Judge

March 17, 2022
Greenville, South Carolina